UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| BAJINDER S., | No. 1:26-cv-00990-TLN-JDP |
| Petitioner, |  |
| v. | **ORDER** |
| PAMELA BONDI, et al., |  |
| Respondents. |  |

This matter is before the Court on Petitioner Bajinder S.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  For the reasons set forth below, Petitioner's habeas petition is GRANTED.  (*Id.*)

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The instant habeas action arises out of Petitioner's arrest and detention by immigration authorities without notice or a hearing.  (ECF No. 1.)  Petitioner is a citizen of India who arrived in the United States on May 17, 2024, claiming asylum due to alleged persecution in his native

[1]    The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

country.[2]  (ECF No. 1 at 2.)  He was released on his own recognizance by immigration authorities on May 20, 2024.  (*Id.*)  In his time since release, Petitioner was never arrested and developed deep ties to his community.  (ECF No. 1 at 14.)  On December 10, 2025, Immigration and Customs Enforcement ("ICE") re-arrested Petitioner when he reported to ICE as instructed.  He was detained at the California City Corrections Center.  (ECF No. 1 at 2.)

On February 5, 2026, Petitioner filed his Petition for Writ of Habeas Corpus along with a Motion for Preliminary Injunction or Temporary Restraining Order ("TRO").  (ECF Nos. 1, 2.)  The Court issued a TRO the same day, ordering Petitioner's immediate release and ordering Respondents to show cause why the Court should not grant a writ of habeas corpus.  (ECF No. 6.)  Respondents submitted what they styled as a Response to Order, Opposition to Injunctive Relief and Answer to Habeas Petition ("Response") on February 11, 2026.  (ECF No. 9.)

## II.  STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.  ANALYSIS

Petitioner challenges his detention without notice or a hearing as violating his due process

---

[2]   These facts are taken from Petitioner's habeas petition.  (ECF No. 1.)  Respondents do not contest the accuracy of these facts.  (*See generally* ECF No. 9.)

rights.[3]  (ECF No. 1 at 12–13.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").  These due process rights extend to immigration proceedings, including deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

As to step one, the Court finds Petitioner gained a protected liberty interest in his continued freedom when he was released on his own recognizance on May 20, 2024.  (ECF No. 1 at 2.)  This release was an "implicit promise" that Petitioner would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release.  *See Morrissey*, 408 U.S. at 482.  Respondents do not argue that Petitioner violated those terms.  (ECF No. 9.)  Petitioner thus has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings.  *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

---

[3]    Petitioner also challenges his detention as violating the Immigration and Nationality Act and its implementing regulations.  (ECF No. 1. at 11.)  Because the Court finds Petitioner is entitled to relief on the basis of his constitutional claim, the Court need not consider Petitioner's statutory claims.

3

As to step two, the Court has considered the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), and finds that Petitioner was entitled to notice and a hearing to determine whether his re-detention was warranted. First, Petitioner has a substantial private interest in his own freedom adversely affected by the Government's actions to detain him. Second, the risk of this interest being erroneously deprived is considerable because Petitioner received virtually no procedural safeguards to ensure his detention was justified. Third, the Government has shown no legitimate interest in Petitioner's detention absent procedural protections, and the cost and time of procedural safeguards are minimal. Upon consideration of these factors, the Court finds Petitioner was entitled to notice and a hearing to determine whether his re-detention was warranted. He received neither. Petitioner's detention therefore violates due process.

Respondents' only arguments in opposition to the habeas petition are ones that this Court has repeatedly rejected. Respondents argue Petitioner is an "applicant for admission" and therefore subject to the mandatory detention framework of 8 U.S.C. § 1225(b)(2). (ECF No. 9 at 2–3.) The vast majority of courts across this Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2). *See e.g.*, *Hortua v. Chestnut*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Orestes Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases). For

4

these reasons, the Court finds Petitioner is not an applicant "seeking admission" subject to mandatory detention under § 1225(b)(2).

Respondents state that they are "amenable to [the Court] convert[ing] the temporary restraining order to a preliminary/permanent injunction if the Court adds clarifying language." (ECF No. 9 at 1.)  Respondents request that the Court include the following in its order:

> Respondents are not enjoined and restrained from detaining Petitioner in the event that the immigration court issues a final order of removal and the Petitioner receives notice of this order. In such an event, Respondents may detain Petitioner for the sole and limited purpose of executing removal pursuant to the final order of removal. (*Id.* at 2.)

The Court declines this request as Respondents do not explain why such language is necessary.

Finally, Respondents ask that the Court "hold this matter in abeyance pending the Ninth Circuit's resolution" of the appeal in *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025).  The Court declines to delay disposition of this case due to the possibility that a future appellate ruling may change the outcome of one claim.  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.")

Accordingly, the Court finds Petitioner's detention without notice or a hearing violates due process.  The Court GRANTS Petitioner's Petition for Writ of Habeas Corpus.  (ECF No. 1.)

**IV.    CONCLUSION**

IT IS HEREBY ORDERED:

1.    Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED.

2.    Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrates by clear and convincing evidence

that the government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 9, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE